**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAFAYETTE DIVISION**

**HENRY H. DIXON** — **CIVIL ACTION NO. 08-0174**

**VS.** — **SECTION P**

**WARDEN, WINN CORRECTIONS CENTER** — **JUDGE MELANÇON**

**MAGISTRATE JUDGE HILL**

**REPORT AND RECOMMENDATION**

Before the court is the petition for writ of *habeas corpus* filed by *pro se* petitioner Henry H. Dixon pursuant to 28 U.S.C. § 2254. Petitioner has filed both a deficient handwritten pleading which was not on this court's proper form on February 11, 2008, and a corrected pleading on April 11, 2008. [*See* rec. docs. 1 and 6]. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. Petitioner is currently incarcerated at the Winn Correctional Center in Winnfield, Louisiana. However, at the time the original pleadings were filed, petitioner was incarcerated at Bossier Sheriff's Correctional Facility in Plain Dealing, Louisiana. By this petition, Dixon claims that he has been wrongfully convicted, unlawfully imprisoned and denied credit for time served.[1]

[1] Dixon also complains that on an unspecified date in 2007 law enforcement officers and court officials attempted to hurt him "by letting another inmate ..." in his cell. These allegations were omitted in his corrected pleading. Although petitioner does not seek damages or injunctive relief with respect to these allegations, because these allegations do not attack the legality, fact or duration of petitioner's physical confinement, but rather challenge the conditions of petitioner's confinement, they may not be considered in the context of this for *habeas corpus* action. *See Muhammad v. Close,* 540 U.S. 749, 750, 124 S.Ct. 1303, 1304 (2004); *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *Heck v. Humphrey*, 512 U.S. 477, 481, 114 S.Ct. 2364, 129

This matter has been referred to the undersigned in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons, it is recommended that this *habeas corpus* petition be **DISMISSED WITHOUT PREJUDICE** for petitioner's failure to exhaust state court remedies.

## STATEMENT OF THE CASE

On February 1, 2008, petitioner filed a hand-written, *pro se* pleading entitled "Petition of Complaint for Further Relief" alleging "wrongful, conviction and illegal... imprisonment and abuse of power by Law Enforcement Criminal Justice System, 15th Judicial District Court Parish of Vermilion and Parish Jail Correctional Center ..." He raised additional incomprehensible complaints mentioning various officials in Vermilion Parish and Intracoastal City, Louisiana and prayed for a "Federal Investigation" by a United States Marshal or a District Judge.  Dixon also submitted what appears to be copies of pleadings filed in the Louisiana state courts above, on which Dixon has placed the caption "United States of America State of Louisiana" including the following: (1) an "Affidavit of Completion of Petition and Complaint R.S.14:128"; (2) a "Motion to Review of Sentence Under La. C.Cr.P. Article 881.2 Review of Illegal Sentence Under La. C.Cr.P. 882 Order Affidavit R.S.14:128"; and (3) a "Motion to Producted [sic] of Person in Custody and Transfer of Person Prior to La. C.Cr.P. art. 357 and art. 358 Motion under La. C.Cr.P. art. 886.2 and 882."  Dixon also submitted various exhibits

---

L.Ed.2d 383 (1994); *Serio v. Members of the La. State Board of Pardons,* 821 F.2d 1112 (5th Cir. 1987).

including a photocopy of article 882 of the Louisiana Criminal Code Annotated, a Minute Entry from the Fifteenth Judicial District Court dated December 14, 2007 denying what the court categorized as petitioner's third request for post-conviction relief filed on the previous day, a Second Step Response to an Administrative Remedies Procedure Grievance dated December 5, 2007 denying petitioner's request for credit for time served from the year 2002, a copy of petitioner's DPS&C Corrections Services Master Record, a hand-written "affidavit", a copy of the Judgment of the Fifteenth Judicial District Court dated August 20, 2007 which denies petitioner's application for post-conviction filed on August 6, 2007, Minute Entries from the Fifteenth Judicial District Court dated April 26, 2007 ordering the Clerk of Court to furnish petitioner with copies transcripts and denying another application for post- conviction relief filed by the petitioner on April 25, 2007, a copy of the "Motion to Producted [sic] of Person in Custody and Transfer of Person Prior to La. C.Cr.P. art. 357 and art. 358" filed in the Fifteenth Judicial District Court on or about June 24, 2007, a photocopy of La. R.S.15:571.3, a copy of petitioner's March 1, 2004 plea of guilty form executed by the petitioner, his attorney, and the prosecutor, whereby petitioner pled guilty to possession of cocaine, and a copy of petitioner's conditions of probation form dated March 1, 2004.

On February 11, 2008, petitioner was ordered to submit his pleadings on the forms approved for *pro se* prisoner filings. Since the almost incomprehensible pleadings attacked the legality of petitioner's confinement, petitioner was provided the forms approved for *habeas corpus* petitions filed pursuant to 28 U.S.C. § 2254. [rec. doc. 2].

On April 11, 2008, petitioner submitted his claims on the approved forms. In this pleadings, petitioner claims that he has been illegally imprisoned and wrongfully convicted and that the criminal justice system is unfair. In support of this claim he alleges,

> The judge put me out of court because I told him I have a right to defend myself and have the rights to assistance of counsel. Refuse me them rights. Also never was read my rights as La. 201 arrest process. On 3/1/04 plea bargains and Docket No. 40695 was run with Docket No. 23543 with credit for time served in custody. Parole Officers refuse to give me that credit and remained 5 years on probation. The District Attorney Assistant ... agree to dismissed probation because of Parole Officer violation. Appeal it to the Lower Court on Motion 882 La. ... C.Cr.P. Illegal Sentence review of illegal sentence shall be corrected at any time the court rule on motion as post-conviction. From 2002 to 2006 with credit for custody serve is completion probation officer kept me on probation violation of my rights. 2/12/07 revocation hearing 90 day technical violation only serve 45 days and the parole officer send me back to court on the same violation is Double Jeopardy for same violation is Double Jeopardy. [rec. doc. 6, ¶5].

Although somewhat unclear, after reviewing all of the pleadings and exhibits before this court, it appears that petitioner is attempting to attack his April 2, 2007 probation revocation which reinstated petitioner's previously suspended five year sentence for possession of cocaine entered in the Fifteenth Judicial District Court for Vermilion Parish under Docket Number 40695. The facts surrounding this challenge are as follows.

Petitioner was originally charged with distribution of crack cocaine. Pursuant to a plea agreement, petitioner pled guilty to the lesser charge of possession of cocaine. At the time of his plea, petitioner was apparently serving a sentence for armed robbery.[2]

---

[2] *See State v. Taylor*, 483 So.2d 232 (La.App. 3rd Cir. 1986), writ denied, 488 So.2d 196 (La. 1986). Review of this decision reveals that at some time prior to 1986, petitioner and Osborne James Taylor, Jr. were convicted of a 1983 armed robbery in Fifteenth Judicial District Court for Vermilion Parish for which he was

Accordingly, petitioner was sentenced to a five year suspended sentence, conditioned on successful completion of five years of supervised probation to run concurrent with any good time or parole granted with respect to the armed robbery sentence petitioner was then serving, the supervised probation to begin upon his release from his then current incarceration. [rec. doc. 6, pg. 20]. Thereafter, petitioner apparently began his term of supervised probation. However, he was again placed in custody on February 12, 2007 after he allegedly committed a battery on his sister and failed drug screens in January and February 2007 in violation of the terms of his probation. As a result, on April 2, 2007, petitioner's probation was revoked and petitioner was sentenced to serve the previously imposed five year sentence, giving petitioner credit for time served with respect to the possession of cocaine conviction. [rec. doc. 6, pg. 21].

Since the revocation of his supervised probation, Dixon has filed four post-conviction pleadings. The first pleading, filed on April 12, 2007, requested transcripts of state court proceedings. This was granted by the trial court on April 24, 2007. [rec. doc. 6, pg. 28]. In the second, filed April 25, 2007, petitioner asserted that his sentence was illegal. The trial court disagreed, and on April 26, 2007 held that petitioner's sentence was based on a valid plea agreement and a knowing, voluntary and intelligent plea by petitioner. The court also found that petitioner had failed to allege any claims for which relief could be granted. [rec. doc. 6, pg. 27]. The third pleading, filed August 6, 2007, sought petitioner's release from custody, and was denied by the trial court on August 20,

---

sentenced to serve eighteen years imprisonment.

2007 because the pleading failed to state any grounds upon which relief could be granted. [rec. doc. 1, pg. 25]. The final pleading, filed December 13, 2007, was denied on December 14, 2007 because petitioner had not submitted the proper documentation required by La.C.Cr.P. article 926, because the pleading was not submitted on the proper form, and because petitioner had provided no new documentation or argument that would warrant an outcome different that on his prior post-conviction requests. [rec. doc. 6, pg. 26].

Dixon admits that he has filed an "appeal" of the complained of judgment to the Third Circuit Court of Appeals, raising claims identical to the claims presently before this court, and that his appeal before the Third Circuit remains pending. [rec. doc. 6, ¶6]. This latter allegation is confirmed by an exhibit tendered by petitioner, a March 14, 2008 Notice of Filing by the Third Circuit Court of Appeals, indicating that petitioner's writ application was received and filed by that court and assigned Docket Number 08-00297-KH. [ rec. doc. 6, p. 14]. Moreover, communication with the clerk of the Louisiana Third Circuit Court of Appeals confirmed that petitioner's writ application is currently pending in that court. Finally, this court's research reveals no ruling by the Louisiana Supreme Court on petitioner's claims.

## LAW AND ANALYSIS

**Exhaustion of State Court Remedies**

While the precise contours of Dixon's claims are difficult to decipher, it is clear that he is in custody pursuant to the judgment of a Louisiana court, that he claims such custody is unlawful and that he is therefore entitled to be released. The requirement of exhaustion of state court remedies in a federal *habeas corpus* proceeding is well established. 28 U.S.C. § 2254(b); *See also*, *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Minor v. Lucas,* 697 F.2d 697 (5th Cir. 1983). *Habeas corpus* relief is available to a person who is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254. However, the right to pursue *habeas* relief in federal court is qualified. It is well settled that a petitioner seeking federal *habeas corpus* relief cannot collaterally attack his state court conviction in federal court until he has exhausted available state remedies. *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Minor v. Lucas,* 697 F.2d 697 (5th Cir. 1983). This requirement is not a jurisdictional bar but a procedural one erected in the interest of comity providing state courts first opportunity to pass upon and correct alleged constitutional violations. *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438, 443 (1971); *Shute v. Texas,* 117 F.3d 233 (5th Cir. 1997).

In order to satisfy the exhaustion requirement, a federal *habeas* petitioner must have fairly presented the substance of his federal constitutional claims to the state courts.

*Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir.1997), *cert. denied*, 523 U.S. 1139, 118 S.Ct. 1845, 140 L.Ed.2d 1094 (1998). Moreover, all claims must be presented to the state's highest court, even when review by that court is discretionary. *Magouirk v. Phillips*, 144 F.3d 348 (5th Cir. 1998) *citing Richardson v. Procunier*, 762 F.2d 429, 431-32 (5th Cir. 1985); *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 1732-33 (1999). In Louisiana, the highest court is the Louisiana Supreme Court.

In this case, the record clearly reflects petitioner's failure to exhaust state court remedies. It is clear that review of petitioner's probation revocation and reinstated sentence is currently pending in the Louisiana Third Circuit Court of Appeal, and that accordingly, petitioner has not yet had the opportunity to raise his claims in the Louisiana Supreme Court. This conclusion is supported by petitioner's submission of the Third Circuit's March 14, 2008 Notice of petitioner's writ filing, this court's communication with the Clerk of the Louisiana Third Circuit Court of Appeal revealing that petitioner's writ remains pending, and research which demonstrates an absence of a decision by the Louisiana Supreme Court with respect to petitioner's claims.

Because this *habeas corpus* petition, on its face, reveals that the petitioner has not complied with the exhaustion requirement, this Court is expressly authorized to dismiss petitioner's claims. *Resendez v. McKaskle*, 722 F.2d 227 (5th Cir. 1984); *Brewer v. Johnson*, 139 F.3d 491, 493 (5th Cir.1998) *citing Coleman v. Thompson*, 501 U.S. 722, 731, 111 S. Ct. 2546, 2554, 115 L. Ed.2d 640 (1991); *Sterling v. Scott,* 57 F.3d 451, 454 (5th Cir.1995) (concluding that the district court was required to dismiss an unexhausted

application). Additionally, under 28 U.S.C. § 2254(b)(1)(A)[3] the District court is precluded from granting *habeas* relief on an unexhausted claim.

Moreover, because the present petition raises only unexhausted claims, this court need not address the stay and abeyance procedure applicable to "mixed" *habeas corpus* petitions as set forth by the United States Supreme Court in *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528 (2005), nor has petitioner demonstrated good cause for his failure to exhaust or that his claims are potentially meritorious. *See Benoit v. Cain,* 2007 WL 1434868, *2 (W.D.La. 2007) citing *Ricks v. Deville*, 2007 WL 624599, *4 (W.D.La. 2007) and *Barrett v. Michaels*, 2006 WL 2054460, *3 (W.D.La. 2006). Petitioner may refile his federal *habeas corpus* petition after fully exhausting state court remedies, provided that the petition is filed within the AEDPA one year time limitation.[4]

For these reasons, the undersigned concludes that the proper course of action is to dismiss this case without prejudice to allow petitioner to fully exhaust state court remedies before proceeding herein. Accordingly;

---

[3] § 2254 provides, in pertinent part:

> (b)(1) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court **shall not be granted unless** it appears that--
> (A) **the applicant has exhausted the remedies available in the courts of the State;**

[4] *See* 28 U.S.C. § 2244(d).

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DISMISSED WITHOUT PREJUDICE** due to petitioner's failure to exhaust state court remedies

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

Signed at Lafayette, Louisiana this 9th day of May, 2008.

C. Michael Hill

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE